### CHAPLIN vs. CRUIKSHANKS.

**JUNE, (E. S.)**

Appeal from *Kent* county court. The plaintiff in the court below, (now appellee,) an infant 19 years of age, by his next friend, brought an action of slander against the defendant, (the appellant.) The first set of words charged in the declaration, with the usual inuendoes, were—"my horse is poisoned, and will die, and *Robert Cruikshanks* had done it, and that he had furnished a certain negro *Charles* with oil of vitriol, which the said negro *Charles* had rubbed upon him, and that he also believed that the same was premeditated." The second set of words, as charged, were the same words, adding, "and that he believed that he was capable of such things, and that he would make no secret of it, but would tell it every body." Plea not guilty, and issue joined.

*In an action of slander for words spoken, it was alleged that the defendant had charged the plaintiff with poisoning his horse—Held, that the words were not actionable.*

*The court refused to direct the jury, that if the horse was alive, the words laid in the declaration were not actionable, the same being irrelevant to the issue.*

*The court also refused to direct the jury, that if the words spoken did not amount to an offence for which the plaintiff might be indicted, they were not actionable, as the defendant might take advantage of it in arrest of judgment.*

1. The defendant, at the trial, moved the court to direct the jury, that if they should be of opinion, that the horse, which the defendant is alleged to have charged the plaintiff with poisoning, was still living, that then the words laid in the declaration are not actionable, and of course their verdict must be for the defendant. But the court, [*Tilghman,* Ch. J.] was of opinion, that the above was irrelevant to the issue, and therefore refused to give any direction thereon to the jury. The defendant excepted.

1808.

Martin and Smith
vs
Gunby

2. The plaintiff having brought this action of slander against the defendant, in which he alleged that the plaintiff had poisoned his horse, and there being no averment in the declaration that the horse was dead, the defendant moved the court to direct the jury, that if they should be of opinion, that the words charged in the declaration to have been spoken by the defendant, were really so spoken, yet, as it did not amount to an offence for which the plaintiff might be indicted, the words were not actionable, and of course their verdict must be for the defendant. But the court, [*Tilghman*, Ch. J.] declined giving the direction to the jury on the subject, as the defendant might take advantage of it in arrest of judgment; and accordingly refused to do so. The defendant excepted. *Verdict* for the plaintiff, and damages assessed to £25 current money. *Motion* by the defendant in *arrest of judgment* "for that the declaration of the plaintiff is insufficient, there being no cause therein stated, on which the said action can be maintained." The county court over-ruled the motion, and rendered judgment on the verdict for the plaintiff.

*Carmichael* and *Frisby*, for the Plaintiff, and
*Wright* and *Houston*, for the Defendant.

The Defendant appealed to this court.

The Court concurred in the opinions given by the court below in both of the *bills of exceptions;* but *reversed* the judgment, because the *words* laid in the declaration were not actionable.

JUDGMENT REVERSED.